11-283-cr
United States v. Kaba

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
                    SUSAN L. CARNEY,
                              <u>Circuit Judge</u>
                    JOHN GLEESON,
                              <u>District Judge</u>.*


- - - - - - - - - - - - - - - - - - - -X
United States,
          <u>Appellee</u>,


          **-v.-**                                          **11-283-cr**

Tamba Kaba
          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:    Lenny Franco, The Franco Law
                            Firm PC, Atlanta, GA.

FOR UNITED STATES:          Peter A. Norling and Amy Busa,
                            Assistant United States
                            Attorneys, <u>for</u> Loretta E. Lynch,

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the district court is **AFFIRMED**.

Defendant Tamba Kaba was convicted of two counts of smuggling elephant ivory and one count of selling elephant ivory, 18 U.S.C. § 545; 16 U.S.C. § 3372(a)(1), and was sentenced to three concurrent terms of 33 months' incarceration, three years of supervised release, forfeiture of $73,000, a $25,000 fine, and a $300 special assessment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**[1]** Kaba argues that insufficient evidence established that he knew he was importing elephant ivory and that he knew that importing elephant ivory is illegal. Because these challenges bear only on his smuggling conviction, we affirm Kaba's conviction for selling elephant ivory.

A defendant challenging the sufficiency of the evidence takes up a "heavy burden," United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004) (internal quotation marks omitted), because the standard of review is "exceedingly deferential," United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008). A conviction must be affirmed against a challenge to the sufficiency of the evidence if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating evidence sufficiency, "we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, brackets, and quotation marks omitted).

Sufficient trial evidence supported Kaba's smuggling conviction. He was in Africa when the ivory was shipped from Africa to the United States. Kaba paid the shipping costs associated with both shipments, hired a freight-forwarder to pick up the shipments at the airport, and Kaba then transported those shipments to a storage facility in trucks he rented. The packing material in which one

3

shipment of ivory was encased was found in the dumpster outside the facility. Later, Kaba sold a piece of ivory from one of the shipments to Dr. Jarra, who wrote on the check used to pay for the piece that the check was for the "ivory balance." That check was deposited into Kaba's account.

Kaba's primary argument is that the evidence is insufficient because there is no direct evidence that Kaba knew that the shipments contained ivory. But, "knowledge and intent can . . . be proved through circumstantial evidence and the reasonable inferences drawn therefrom," United States v. MacPherson, 424 F.3d 183, 189 (2d Cir. 2005) (collecting cases), and, here, reasonable inferences drawn from the evidence establish that Kaba knew the shipments contained ivory.

There was also sufficient evidence that Kaba knew that importing ivory was illegal. Kaba conceded during his testimony that he had "'heard from people'" that "'you cannot import ivory into the United States.'" Gov't Br. at 7 (quoting T:384). In addition, the packaging of the ivory pieces--hidden in hollowed-out compartments of statues--is strong evidence that Kaba (as importer) knew the ivory was being imported illegally.

**[2]** Kaba challenges his sentence on the ground that his trial counsel provided ineffective assistance by failing to review the pre-sentence report ("PSR") with Kaba, who claims he does not read English and thus could not read the PSR. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate, first, "that counsel's performance was deficient," that is, the attorney made errors so serious that the representation "fell below an objective standard of reasonableness," and, second, that there was prejudice--<u>i.e.</u>, a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 695 (1984); <u>accord</u> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986).

Kaba cannot show prejudice. He asserts that if he had received adequate counsel he would have objected to the two-level enhancement for commission of the offense for pecuniary gain because he did not profit from the single sale of ivory for which he was convicted. But the enhancement does not require Kaba to realize a profit in the transactions. It applies "[i]f the offense . . . was committed *for* pecuniary gain or otherwise involved a commercial purpose." U.S.S.G. § 2Q2.1(b)(1) (emphasis

5

added). "'For pecuniary gain' means for the receipt of, or in anticipation of receipt of, anything of value, whether monetary or in goods or services." U.S.S.G. § 2Q2.1, cmt. n.1. Actual profit and profitability are beside the point. The reference to "anticipat[ed]" receipt of "anything of value" confirms that the enhancement applies whenever the defendant *anticipates* a profit or anything of value. Accordingly, Kaba's sale of the ivory--even if he did not turn a profit--supports the two-level enhancement of his sentence.[1]

We have considered all of the additional arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In any event, since Kaba sold at least one ivory piece, the offense involved a commercial purpose, which would support the two-level enhancement. See U.S.S.G. § 2Q2.1(b)(1).